IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LATRICIA ARNOLD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-900-CWB |
| | ) | |
| MACON COUNTY BOARD OF | ) | |
| EDUCATION; ELNORA SMITH LOVE; | ) | |
| KATY CAMPBELL; MARY HOOKS; | ) | |
| CLINTON BOYD, JR.; SAWANDA | ) | |
| WILSON; MELISSA T. WILLIAMS; and | ) | |
| DOUGLAS A. TAYLOR, individually and | ) | |
| in their official capacity, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION & ORDER

### I.    Introduction

Latricia Arnold brought this action to assert claims arising out of her employment with Macon County Board of Education ("MCBOE").  In addition to naming MCBOE as an entity defendant, Arnold also has named as defendants the individual MCBOE members—Elnora Smith Love, Katy Campbell, Mary Hooks, Clinton Boyd, Jr, and Sawanda Wilson—along with MCBOE Superintendent Melissa T. Williams and MCBOE Human Resources Director Douglas A. Taylor.  All of the individual defendants in turn have requested to be dismissed. (*See* Docs. 18 & 19).  Upon careful review and consideration of the parties' respective filings, the court concludes that the pending motions to dismiss are due to be granted such that all individual defendants will be dismissed with prejudice.[1]

---

[1]  Arnold's claims shall be permitted to proceed against MCBOE as an entity.  MCBOE has made an appearance through counsel and has filed an Answer.  (*See* Doc. 17).

## II.    Jurisdiction and Venue

These proceedings began in the Circuit Court of Macon County, Alabama and thereafter were removed to federal court pursuant to 28 U.S.C. § 1441(a).  (*See* Doc. 1).  Arnold at all times has requested relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 (the "ADA"), the Family Medical Leave Act of 1993 (the "FMLA"), and Alabama common law.  The court thus finds removal jurisdiction to be established.  *See* 28 U.S.C. §§ 1331 and 1343.  Moreover, no party contests personal jurisdiction or venue, and there are adequate allegations to support both.  *See* 28 U.S.C. § 1391; *see also* Fed. R. Civ. P. 4(k)(1)(A).  And all parties have consented to the exercise of dispositive jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Docket Entry dated February 9, 2026).

## III.    Legal Standard

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The standard for such a motion was explained in *Twombly* and refined in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

> Two working principles underlie our decision in *Twombly*.  First the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will …. be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but not shown – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79 (citations and internal edits omitted).

2

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Id*. at 680; *Mamani v. Berzain*, 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal*, we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the court to assume the veracity of well-pleaded factual allegations and to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief'" *Mack v. City of High Springs*, 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted). Again, establishing facial plausibility requires more than stating facts that establish a mere possibility. *Mamani*, 654 F. 3d at 1156 ("The possibility that – if even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim") (emphasis in original). Plaintiffs instead are required to "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (internal editing and citation omitted).

In ruling on a 12(b)(6) motion, the court must accept all of the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008). The court likewise "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Schiedler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept as true any legal conclusions couched in the form of factual allegations. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019) (citing *Twombly*, 550 U.S. at 555).

**IV.    Discussion**

The operative pleading is the Second Amended Complaint filed on November 21, 2025. (*See* Doc. 16).  Count One is styled "Unlawful Employment Discrimination in Violation of – Title VII" and is asserted exclusively against MCBOE as Arnold's employer.  (*Id*. at p. 6). Unlike Count One, however, the remaining claims in the Second Amended Complaint either expressly or implicitly target the various individual defendants.  (*See id*. at pp. 7 through 10). The individual defendants counter that personal liability cannot be imposed against them under any of the theories alleged.  (*See* Doc. 18 & 19).  They are correct.

Count Two, for example, is styled "Unlawful Employment Discrimination in Violation of the Americans with Disabilities Act."  (*Id*. at p. 7).  But the Eleventh Circuit has directly held that "the [ADA] does not provide for individual liability, only for employer liability." *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (emphasis added); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("Because individual liability is precluded for violations of the ADA's employment discrimination provision, we conclude that the district court properly dismissed Albra's discrimination claim against the Abbotts."); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) ("We have held that individual employees are not subject to liability under … the ADA."); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) ("[T]he ADA require[s] that suits be brought only against employer-entities, not persons in their individual capacities.").  Because the remedy afforded under the ADA lies exclusively against employers, Arnold's ADA claims are due to be dismissed to the extent personal liability is sought against the individual defendants. *See Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 n.7 (11th Cir. 1996) (affirming the dismissal of ADA claims against individual defendants because the "remedy for any discrimination [the plaintiff] may have

4

suffered on account of her alleged disability lies against her employer, not individual officers of her employer").

Count Four is styled in part "FMLA Retaliation: Family Medical Leave Act of 1993." (Doc. 16 at p. 9). Just as with claims under Title VII and the ADA, the Eleventh Circuit has been unmistakable in explaining that FMLA liability claims are appropriate only against employers. *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) ("Because the law of this circuit requires us to conclude that public officials in their individual capacities are not 'employers' under the FMLA, we hold that there is no federal subject matter jurisdiction over these claims."). The factual allegations stated in the Second Amended Complaint sufficiently negate that any of the individual defendants plausibly could qualify as Arnold's "employer." *See, e.g., Phifer v. Hyundai Power Transformers*, 522 F. Supp 3d 1102, 1113 (M.D. Ala. 2021). Accordingly, all of Arnold's FMLA claims against the individual defendants in their personal capacities are due to be dismissed. *See Kennedy v. Dep't of Transp.*, No. 3:22-cv-645, 2024 WL 5397295, *7 n.2 (M.D. Ala. Nov. 21, 2024) ("[A] public official sued in his or her individual capacity is not an 'employer' under the FMLA … .") (citing *Wascura*, 169 F.3d at 687); *Ginwright v. Dep't of Rev. for Alabama,* No. 2:12-cv-473, 2013 WL 1187943, *4 (M.D. Ala. Mar. 21, 2013) ("To the extent Plaintiff brings an FMLA claim against the Individual Defendants in their individual capacities, this claim is due to be dismissed."); *Stokes v. City of Montgomer*y, 2008 WL 4369247, *15 (M.D. Ala. Sept. 25, 2008) ("The court will … dismiss the FMLA claims against the individual defendants for lack of subject matter jurisdiction.") (citing *Wascura*, 169 F.3d at 687).

Count Three—styled as a claim for "Negligent, Wanton, Reckless, and/or Willful Supervision and Retention"—arises under Alabama common law, but the result again is the

same as to the individual defendants.  Arnold asserts in Count Three that "[t]he individual defendant Board members negligently, recklessly, willfully, and/or knowingly breached [their] mandatory, ministerial statutory duties in the supervision of (or complete failure to supervise) Defendants Williams and Taylor."  (Doc. 16 at p. 8, ¶ 25).  The core problem with Arnold's theory is that each of the underlying alleged violations involves <u>a federal statutory duty</u>.  Although Alabama does recognize a common law claim for deficient supervision, courts have consistently held that the breach must have resulted in an underlying violation of <u>Alabama common law</u>:

> First of all, it is clear that the employee's wrongdoing must be based on state, and not federal, law.  Otherwise, the tort of negligent or wanton hiring, training, and supervision could be a corridor through which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct.

*Guy v. Alabama Power Co.*, No. 2:13-cv-8, 2013 WL 3929858, *2 (M.D. Ala. July 29, 2013); *see also Short v. Mando American Corp.*, 805 F. Supp. 2d 1246, 1277 (M.D. Ala. 2011) ("[T]he underlying wrongful conduct must constitute 'a common-law, Alabama tort committed by the employee, not a federal cause of action … .'") (quoting *Ellis v. Advanced Tech. Servs.*, No. 3:10-cv-555, 2010 WL 3526169, *2 (M.D. Ala. Sept. 3, 2010) (internal quotation marks omitted)); *accord Rabb v. Georgia Pacific, LLC*, No. CA 09-0420, 2010 WL 2985575, *16 (S.D. Ala. July 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that [the plaintiff] cannot maintain an action for negligent supervision 'based upon conduct that is employment discrimination, but does not support a common law tort.'") (citation omitted).  Without a viable common law tort having been alleged, and with no such claim being cognizable in the present context, the individual defendants are due to be dismissed from Count Three in their personal capacities.  *See Nguyen v. Civ. Air Patrol*, No. 2:20-cv-824, 2021 WL 6883454, *9 (M.D. Ala. Nov. 3, 2021) ("'[A]ll Alabama federal courts

6

that have considered the issue have consistently interpreted state law as requiring that the [alleged] wrongdoing be based on 'a common-law, Alabama tort ... [and] not on a federal cause of action.'") (citation omitted), *report and recommendation adopted sub nom. Nguyen on behalf of Fellow Disabled Veterans v. Civ. Air Patrol*, No. 2:20-cv-824, 2022 WL 894098 (M.D. Ala. Mar. 25, 2022). Not only that, it generally is recognized that Alabama does not permit a supervisor to be held responsible for the conduct of a subordinate. *See Wright v. City of Ozark*, No. 1:12-cv-936, 2014 WL 1765925, *9 (M.D. Ala. May 2, 2014) (and cases cited therein); *Ott v. City of Mobile,* 169 F. Supp. 2d 1301, 1315 (S.D. Ala. 2001); *Ridgeway v. Adkins*, No. 2:24-cv-619, 2025 WL 2027443, *5 (N.D. Ala. June 25, 2025), *report and recommendation adopted*, No. 2:24-cv-619, 2025 WL 2025171 (N.D. Ala. July 18, 2025).

Under these circumstances, *i.e.*, where Arnold has a viable route to pursue MCBOE as her employer but possesses no recourse to impose personal liability against the individual defendants, it would be neither necessary nor appropriate to require the individual defendants to remain participants solely in their official capacities. Even though it is not *per se* improper for a plaintiff to name individual actors as defendants in their official capacities, doing so is redundant in an employment case where the employer has been named directly. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("In other words, if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."); *McDowell v. Alabama Dep't of Pub. Health*, No. 2:20-cv-280, 2022 WL 988377, *3 (M.D. Ala. Mar. 21, 2022) ("Because Plaintiff has already asserted Title VII claims against his employer, … his Title VII claims against the individual defendants in their official capacities are redundant.") (citing *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008)).

7

In response to the individual defendants' arguments for dismissal, Arnold requests an opportunity to amend with a more definite statement of claims. (*See* Doc. 23 at p. 2). The court recognizes the general charge to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a), but any "clarification" here could not support a claim against the individual defendants when all of the asserted theories permit recovery exclusively against <u>an employer</u>. *See Rodriguez v. Henry Cnty. Sheriff's Off.*, No. 1:20-cv-723, 2021 WL 4304860, *7 n.2 (M.D. Ala. Jul. 23, 2021) (stating that a district court may properly deny leave to amend when an amendment would be futile); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

## V.      Conclusion

For the reasons set forth above, it is hereby **ORDERED** as follows:

- that the Motion to Dismiss (Doc. 18) filed by Elnora Smith Love, Katy Cambell, Mary Hooks, Clinton Boyd, Jr., and Sawanda Wilson is **GRANTED** such that those defendants are **DISMISSED WITH PREJUDICE**;

- that the Motion to Dismiss (Doc. 19) filed by Melissa Williams and Douglas Taylor is **GRANTED** such that those defendants are **DISMISSED WITH PREJUDICE**; and

- that this action hereafter shall proceed solely against MCBOE.

**DONE** this 2nd day of March 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

8